The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Sterling Baland and Manuel Smelley

**3-03CV 2619K**

### DEFENDANTS
Dave Johnson, Kirk Wolfe, Johnny Roberts, Kenneth Johnson, Mike Davis, Gerald Adger, Sheryl Bishop, Richard Raschke, Eamon Riley, Brandon Simpson, Other Unidentified Drill Instructors, Wichita County, Wichita County Juvenile Board

(b) County of Residence of First __Wichita__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed __Wichita__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
The Law Office of Rickey G. Bunch
P.O. Box 3421
Wichita Falls, Texas 76301-0421

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- X 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | X 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | X 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | |
| ☐ 245 Tort Product Liability | X 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 |
| | | ☐ 555 Prison Condition | | ☐ 890 Other Statutory Actions |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity)

PLAINTIFF BRINGS THIS ACTION PURSUANT TO 42 U.S.C. SECTIONS 1983 AND 1985,THE FOURTH, EIGHTH, AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, AND UNDER THE COMMON LAW OF THE STATE OF TEXAS. DEFENDANTS INDIVIDUALLY AND JOINTLY DEPRIVED PLAINTIFFS OF THEIR CIVIL RIGHTS, CONSPIRED TO DEPRIVE PLAINTIFFS OF THEIR CIVIL RIGHTS AND DENIED PLAINTIFFS EQUAL PROTECTION, AS WELL AS COMMITTED STATE-LAW TORTS

## VII. REQUESTED IN COMPLAINT:
X CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint: JURY DEMAND: X Yes \ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE Buchmeyer   DOCKET NUMBER 7-00-CV-177-R

DATE 10-23-03
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUN _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STERLING BALAND, INDIVIDUALLY; <br> MANUEL SMELLEY, INDIVIDUALLY; <br> AND AS CLASS REPRESENTATIVES <br><br> PLAINTIFFS, <br><br> VS. <br><br> DAVE JOHNSON, INDIVIDUALLY; <br> KIRK WOLFE, INDIVIDUALLY; <br> JOHNNY ROBERTS, INDIVIDUALLY; <br> KENNETH JOHNSON, INDIVIDUALLY; <br> MIKE DAVIS, INDIVIDUALLY; <br> GERALD ADGER, INDIVIDUALLY; <br> SHERYL BISHOP, INDIVIDUALLY; <br> RICHARD RASCHKE, INDIVIDUALLY; <br> EAMON RILEY, INDIVIDUALLY; <br> BRANDON SIMPSON, INDIVIDUALLY; <br> OTHER UNIDENTIFIED DRILL <br> INSTRUCTORS; WICHITA COUNTY <br> JUVENILE BOARD AND <br> WICHITA COUNTY <br><br> DEFENDANTS. | § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br><br><br> 3-03CV 2619K |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COME,** Plaintiffs Sterling Baland and Manuel Smelley complaining of Defendants stated in the foregoing caption, and for cause of action against same would respectfully show unto the Court the following:

Plaintiffs' Original Complaint   Page 1

## PARTIES

*Plaintiff:*

1. Sterling Baland is a 19 year old adult resident of Justin, Denton County, Texas. He makes this complaint on his behalf, individually.

2. Manuel Smelly is a 19 year old adult resident of Huntsville, Madison County, Alabama. He makes this complaint on his behalf, individually.

3. Plaintiffs also seeks certification of this case as a class action. (*See* Plaintiff Sterling Baland's Motion For Class Certification, filed contemporaneously with this complaint.)

*Defendants:*

3. Each of the individually named Defendants are residents of Wichita County, except for Richard Raschke and Brandon Simpson, who reside in Dallas County, Texas.

4. Wichita County Juvenile Board and Wichita County are governmental units.

## JURISDICTION

5. This is an action alleging violations of constitutional civil rights and claiming conspiracy and failure to prevent conspiracy. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343 (3) (civil rights). The Court has jurisdiction under the Fourth, Eighth and Fourteenth Amendments, as codified in remedial legislation at 42 U.S.C. §1983 and under conspiracy at 42 U.S.C. §1985.

6. Further, jurisdiction of this court is invoked under 28 U.S.C. §1343 (1)(2)(3)(4), 28 U.S.C. §1331 and 28 U.S.C. §1367 regarding supplementary and pendent claims of assault, injury to a child, and intentional inflection of emotional distress. All relevant jurisdictional and notice requirements of the Texas Tort Claims Act, Tex. Civ. Prac. &

Rem. Code Ann. §101.001 et seq. have been met.

## VENUE/SERVICE OF PROCESS

7. Venue lies in the Northern District of Texas, the judicial district where Plaintiff's claims, and those of similarly situated individuals, arose and where the majority of Defendants reside, pursuant to 28 U.S.C. §1391 (b). All Plaintiffs were residents in Wichita County, Texas at the time of the occurrence(s) for which this suit is brought.

8. The individually named Defendants were all employees of Wichita County relevant to the subject matter of this suit. Alternatively, they may be served with process at the Wichita County Courthouse at 900 7th Street, Wichita Falls, Texas or at their residential address; or, they may waive service by accepting delivery of this complaint to their counsel and voluntarily appear.

9. Defendant, Wichita County Juvenile Board, may be served with process by delivery upon The Honorable Woody Gossom, Presiding Officer of the Board at the Wichita County Courthouse, 900 7th Street, Wichita Falls, Texas.

10. Defendant, Wichita County, may be served with process by delivery upon The Honorable Woody Gossom, Wichita County Judge at the Wichita County Courthouse, 900 7th Street, Wichita Falls, Texas.

## CASE FACTS

11. This is a civil rights and conspiracy action for compensatory and punitive damages brought against Wichita County (County), Wichita County Juvenile Board (Juvenile Board) and numerous individual officers and supervisors employed by Wichita County, more particularly set forth in this complaint.

12. At various times during a time frame between mid 1995 and August 2001, Plaintiffs Sterling Baland, Manuel Smelly and approximately two hundred (200) other similarly situated youths were verbally and/or physically abused, if not tortured and beaten by Defendants, through the use of excessive, unjustified, unwarranted and illegal force during their incarceration at the Wichita County Juvenile facility for "court ordered reporting probation sanctions" (C.O.R.P.S.), hereinafter referred to as the "Boot Camp."

13. The Plaintiffs' claims, and of those similarly situated, are not based on singular events or aberrations, but comprise a long series of incidents of excessive use of force and cruel and unusual punishment inflicted upon juvenile detainees at the Boot Camp committed by Wichita County employees from its inception in 1995 until it was shut down in August 2001.

14. Although the abuses and batteries committed upon the Plaintiff, and those similarly situated, were accomplished by individual officers of the C.O.R.P.S.. Program, said actions are a direct product of constitutionally deficient policies, practices and customs implemented, maintained or tolerated by the Wichita County Juvenile Board and Wichita County, Texas with respect to the C.O.R.P.S. Program's tactics and their/its hiring, training, supervising and discipline of C.O.R.P.S. personnel.

15. Wichita County and Wichita County Juvenile Board implemented, maintained and/or acquiesced in/tolerated the following deficient policies, practices and customs:

   (a) Hiring and/or failing to properly assign, supervise and control C.O.R.P.S. drill instructors known, or which reasonably should have been known, to have used excessive and unreasonable force in the past;

(b) Failing to properly discipline C.O.R.P.S. instructors who had engaged in the use of excessive and unreasonable force or unnecessary violence;

(c) Failing to conduct adequate investigations of reported drill instructor misconduct and to maintain an organized and effective system for reporting and investigating instances of abuse and brutality;

(d) Discouraging reporting of misconduct or otherwise acting to conceal or coverup the drill instructors' culpability;

(e) Maintaining and arbitrary system of assessing demerits and awarding points, which had a material effect on the length of time juveniles spent at the Boot Camp;

(f) Improperly training C.O.R.P.S. instructors with respect to proper use of C.O.R.P.S. equipment, proper handling of situations where use of excessive or unreasonable force by the drill instructors could reasonably be expected to occur; and

(g) Fostering a code of silence among the C.O.R.P.S. instructors, supervisors, administrators and other county officials to such an extent that drill instructor misconduct was not reported by C.O.R.P.S. employees.

16. Such de facto policies and pervasive practices and customs were the proximate cause of Plaintiffs' injuries and damages, and of those similarly situated; and are conjunctive with an atmosphere of deliberate indifference of the Wichita County Juvenile Board and Wichita County to the physical safety and constitutional rights of C.O.R.P.S. program detainees.

17. Defendants, Johnson, Wolfe, Roberts and Davis, together with various other officials and supervisory personnel of Wichita County, its Juvenile Board, Probation Department and District Attorney's Office, had either actual or constructive knowledge of the deficient policies, practices and customs alleged herein; acquiesced in or condoned such policies, practices and customs; and were deliberately indifferent to their forseeable effect and consequences with respect to the constitutional rights of Plaintiff and others similarly situated.

18. In perpetrating, sanctioning, tolerating and/or ratifying the outrageous conduct and other wrongful acts described herein, each of the individual Defendants were motivated by class bases animus, resentment and hostility. These Defendants acted with intentional, reckless and/or callous disregard or with deliberate indifference for Plaintiff's life, the lives of those similarly situated, and their federally protected rights. These Defendants' actions shock the conscience, and were willful, oppressive, malicious, fraudulent and highly offensive to any person of normal sensibilities.

19. Two or more Defendants conspired to engage in conduct alleged herein. Wichita County officials charged with the duty to oversee, supervise and direct the activities of the Wichita County Juvenile Department knew or should have known of such conspiracies and not only failed to stop or take other affirmative measures to prevent the abuses and beatings, but actively participated in the furtherance of the conspiracy by hiding, secreting or covering up information and evidence from detainees' parents and other governmental agencies charged with the duty to investigate child abuse.[1]

---

[1] *See* TEX. FAM. CODE ANN. § 261(Vernon 2000).

## CAUSES OF ACTION

20. This case is brought under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§1983 and 1985. Pendent claims are also made, including; (1) intentional infliction of emotional distress; (2) assault and battery; and (3) negligent supervision, negligent retention, negligent hiring and negligent training.

21. <u>42 U.S.C. §1983.</u> Wichita County and the Wichita County Juvenile Board have known and tolerated, by official policy, custom or otherwise the selection and retention of juvenile authorities who have exhibited a propensity for, and a pattern of, torture and beating of juvenile probationers incarcerated at their boot camp. By custom and practice, individual Defendants at the Wichita County Juvenile Boot Camp have engaged in acts of abuse, torture and beating against juvenile probationers with impunity. Wichita County and the Wichita County Juvenile Board were the moving force behind Plaintiffs' injuries and of those similarly situated..

22. Defendants, acting under color of state law, deprived the Plaintiffs and others of rights, privileges and immunities secured by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, by, inter alia,

    (a) Subjecting them to unreasonable seizure, excessive force and threats of great bodily injury and death;

    (b) Interfering with their rights to seek redress for their injuries by covering up for Defendants' misconduct;

    (c) Denying them equal protection under the law by failing to prevent, stop, or fully prosecute the acts of criminal conduct perpetrated against the Plaintiff and others

similarly situated;

(d) Subjecting them to an arbitrary system of demerit assessment and point granting;

(e) Subjecting them to cruel and unusual punishment, and

(f) Denying them the right to redress their complaints by retaliation and intimidation.

23. 42 U.S.C. §1985 (3). Two or more Defendants conspired for the purpose of depriving the Plaintiffs, and others similarly situated, of:

(a) Due process under the Fourth Amendment;

(b) Freedom from excessive force under the Eighth Amendment;

(c) Equal protection under the Fourteenth Amendment;

(d) Right to petition for redress of grievances under the First Amendment, and

(d) Hindering constituted authorities from giving or securing due process and equal protection of law to all persons.

24. The Texas Tort Claims Act, Chapter 101, Tex. Civ. Prac. & Rem. Code §100.001 *et seq.*, imposes liability on counties for injuries and damages inflicted upon citizens because of the wrongful acts, omissions or negligent conduct of juvenile authorities and other county authorities acting within the course and scope of their employment and under various circumstances.

25. Wichita County is a county under the laws of the State of Texas. The individual Defendants, while acting within the course and scope of their employment, and in their use of county property, caused injury and damages to the juvenile probationers.

26. The state law causes of action made by the Plaintiffs on their own behalf, and the behalf of others similarly situated, include:

    (a)    Intentional infliction of emotional distress:

    (b)    Assault and battery;

    (c)    Negligent supervision;.

    (d)    Negligent training;

    (e)    Negligent hiring;

    (f)    Negligent retention; and

    (g)    Injury to a child.

27.    All administrative prerequisites required by the Texas Tort Claims Act have been fulfilled concerning Defendants who are governmental entities. Notice letters were sent to the Honorable Woody Gossom, County Judge of Wichita County and a member of the Wichita County Juvenile Board entitled to notice on March 22, 1999 and on May 27, 1999. Individual Defendants are not entitled to notice under the Texas Tort Claims Act.

## DAMAGES

28.    As a direct and proximate result of the outlined abuses, beatings, terrorizations and conspiracy, Plaintiffs, and others similarly situated, have each suffered actual damages, for which they now sue, in one or more of the following categories:

    (a)    Physical pain and suffering;

    (b)    Mental anguish and mental suffering, including shock, distress and anxiety;

    (c)    Actual and compensatory damages for deprivations of their civil rights;

    (d)    Humiliation, loss of peace of mind, happiness and mental health, loss of their individual dignity and self-respect and loss of their ability to enjoy a normal life and to live a peaceable existence; and

 (e) Special damages for illness and financial losses.

## EXEMPLARY DAMAGES

29. The individual Defendants' actions were outrageous and done intentionally or with malicious disregard for the rights and safety of the juvenile probationers. Because of this conduct, punitive damages must be awarded to punish the individual Defendants and to deter further acts committed intentionally or with wanton disregard for the rights and safety of citizens, such as Plaintiffs and others similarly situated.

30. Punitive damages should be awarded against Defendants, because their acts and omissions amount to egregious misconduct and deliberate indifference to the constitutional rights of the juvenile probationers.

## IX. JURY DEMAND

31. Plaintiffs respectfully demand trial by jury.

## X. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer; that the Court grant certification of this case as a class action on behalf of those similarly situated with him; and that, upon final adjudication, Plaintiffs and the class be granted the following relief:

 (a) Compensatory general and special damages in an amount in accordance with the proof;

 (b) Exemplary damages against each of the individual defendants in an amount sufficient to deter and to make an example of those Defendants;

 (c) Exemplary damages against Wichita County and the Wichita County Juvenile

> Board in an amount sufficient to deter and make an example of these Defendants.
>
> (d) Reasonable attorney's fees and expenses of litigation;
>
> (e) Costs of suit necessarily incurred herein;
>
> (f) Injunctive relief preventing the County and Juvenile Board from reopening the Boot Camp without making significant changes to County policies, procedures, and personnel;
>
> (g) Pre-judgement and post-judgment interest as permitted by law; and
>
> (h) Such other and further relief which the Court deems justly entitled.

Respectfully submitted,

The Law Office of
**Rickey G. Bunch**
PO Box 3421
Wichita Falls, Texas 76309
Tel: (940) 322-6611
Fax: (212) 202-4233

By: _/s/ Rickey G. Bunch_
Rickey G. Bunch
State Bar No. 00792381