IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | | |
|---|---|---|
| STERLING BALAND, INDIVIDUALLY; <br> MANUEL SMELLEY, INDIVIDUALLY; <br> AND AS CLASS REPRESENTATIVES, <br><br> Plaintiffs, <br><br> v. <br><br> DAVE JOHNSON, INDIVIDUALLY; <br> KIRK WOLFE, INDIVIDUALLY; <br> JOHNNY ROBERTS, INDIVIDUALLY; <br> KENNETH JOHNSON, INDIVIDUALLY; <br> MIKE DAVIS, INDIVIDUALLY; <br> GERALD ADGER, INDIVIDUALLY; <br> SHERYL BISHOP, INDIVIDUALLY; <br> RICHARD RASCHKE, INDIVIDUALLY; <br> EAMON RILEY, INDIVIDUALLY; <br> BRANDON SIMPSON, INDIVIDUALLY; <br> OTHER UNIDENTIFIED DRILL <br> INSTRUCTORS; WICHITA COUNTY <br> JUVENILE BOARD AND <br> WICHITA COUNTY, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NUMBER <br><br> 3-03-CV 2619 K |

### ORIGINAL ANSWER OF DEFENDANTS WICHITA COUNTY, WICHITA COUNTY JUVENILE BOARD, AND DAVE JOHNSON

Wichita County, Wichita County Juvenile Board, and Dave Johnson, Defendants, file this Answer and respectfully would show unto the Court as follows:

1. These Defendants are without sufficient information to admit the allegations in paragraph number 1.

2. These Defendants are without sufficient information to admit the allegations in paragraph number 2.

3. (Plaintiffs' Original Complaint is mis-numbered and includes two paragraphs numbered "3"). Defendants deny that Plaintiffs have asserted a proper class

action, that there is a certifiable class, and that Plaintiffs are proper representatives of a certifiable class.

3. These Defendants are without sufficient information to admit the allegations in the second paragraph "3".

4. The allegations of paragraph 4 are admitted.

5. These Defendants are without sufficient information to admit the allegation in paragraph 5.

6. These Defendants are without sufficient information to admit the allegation in paragraph 6.

7. Except as stated hereafter, these Defendants are without sufficient information to admit the allegations in paragraph 7. These Defendants deny that there are any "similarly situated individuals" who make up a class.

8. These Defendants are without sufficient information to admit the allegations in paragraph 8.

9. The allegations of paragraph 9 are admitted.

10. These Defendants are without sufficient information to admit the allegations in paragraph 10.

11. These Defendants admit that this is an action alleging violations of constitutional civil rights and claiming conspiracy and failure to prevent conspiracy. These Defendants are without sufficient information to admit the remaining allegations under paragraph 11.

12. The allegations of paragraph 12 are denied.

13. The allegations of paragraph 13 are denied.

14. The allegations of paragraph 14 are denied.

15. These Defendants deny the allegations in paragraph 15 and further deny the allegations in subparagraphs (a), (b), (c), (d), (e), (f), and (g).

16. The allegations in paragraph 16 are denied.

17. The allegations in paragraph 17 are denied.

18. The allegations in paragraph 18 are denied.

19. The allegations in paragraph 19 are denied.

20. The legal conclusions in paragraph 20 require no specific response.

21. The allegations in paragraph 21 are denied.

22. The allegations in paragraph 22 are denied. Defendants further deny the allegations of subparagraphs (a), (b), (c), (d), (e), and (f) of paragraph 22.

23. The allegations in paragraph 23 are denied. Defendants further deny the allegations of subparagraphs (a), (b), (c), (d), and (d) [sic] of paragraph 22.

24. The legal conclusions in paragraph 24 require no specific response.

25. These Defendants admit that Wichita County is a county under the laws of the State of Texas. These Defendants deny the balance of the allegations in paragraph 25.

26. These Defendants admit that Plaintiffs have attempted to state certain causes of action against the Defendant, including those legal theories listed in subparts (a), (b), (c), (d), (e), (f), and (g) of paragraph 26. These Defendants deny that Plaintiffs are entitled to recovery under those causes of action. This Defendant further denies that Plaintiffs and any other individuals are "similarly situated."

27. These Defendants are without sufficient information to admit the allegations of paragraph 27.

28. The allegations in paragraph 28 are denied, including the allegations in subparagraphs (a), (b), (c), (d), and (e).

<u>ORIGINAL ANSWER OF DEFENDANT WICHITA COUNTY, WICHITA COUNTY JUVENILE BOARD, AND DAVE JOHNSON</u> - Page 3

29. The allegations in paragraph 29 are denied.

30. The allegations in paragraph 30 are denied.

31. The allegations in paragraph 31 require no specific response.

32. These Defendants deny that the Plaintiffs are entitled to the relief requested in Section X, styled "Prayer," including the relief requested in subparagraphs (a), (b), (c), (d), (e), (f), (g), and (h).

## AFFIRMATIVE DEFENSES

1. These Defendants allege that their individual and/or collective conduct was in good faith and without malice or reckless disregard of the rights of any plaintiff. These Defendants are entitled to official immunity and/or the derivative immunity available to their agents and employees.

2. These Defendants are entitled to the qualified immunity available to their agents and employees.

3. The County and Juvenile Board Defendants are entitled to sovereign governmental immunity as an instrumentality of the State.

4. Plaintiffs have failed to allege a class-based animus under 42 U.S.C. § 1985 and therefore have failed, pursuant to Fed.R.Civ. P. 12(b)(6), to state a cause of action under that section.

5. Punitive damages may not be awarded against these Defendants under any of the causes of action alleged.

6. These Defendants assert that Plaintiffs' claims are barred or should be reduced under the doctrines of comparative responsibility/contributory negligence.

7. Plaintiffs' claims are barred under Texas Civil Practice & Remedies Code §101.055(3) to the extent they allege the failure to provide or method of providing police protection.

8. Plaintiffs' claims are barred under Texas Civil Practice & Remedies Code §101.056 (discretionary acts).

9. Plaintiffs' claims are barred under Texas Civil Practice & Remedies Code §101.057 (assault, battery . . . or any other intentional tort).

10. Defendants further plead that Plaintiffs failed to mitigate alleged damage.

11. Defendants plead this matter is not legally or factually appropriate as a class action and, as such, Plaintiffs have failed to state a claim under Fed. R. Civ. P. 12(b)(6).

12. To the extent Fed. R. Civ. P. 12(b)(3) is applicable, Defendants respectfully plead that venue in this case would be more properly placed in the Wichita Falls Division of the Northern District of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendants Wichita County, the Wichita County Juvenile Board, and Dave Johnson respectfully pray that Plaintiffs take nothing, that these Defendants recover their costs in this matter expended, and for such other and further relief to which they may be justly entitled at law or in equity.

Respectfully submitted,

*[signature]*

RANDAL MATHIS
State Bar No. 13194300
MARK M. DONHEISER
State Bar No. 05974800
THOMAS D. BOYLE
State Bar No. 02797850
MATHIS & DONHEISER, P.C.
4600 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201
Telephone: (214) 303 1919
Facsimile: (214) 303 0399
Email: rmathis@mathisdonheiser.com

**ATTORNEYS FOR WICHITA COUNTY, WICHITA COUNTY JUVENILE BOARD, AND DAVE JOHNSON**

Of Counsel:
DOUGLAS L. BAKER
Assistant District Attorney
Wichita County Courthouse
900 7th St., 3rd Floor
Wichita Falls, TX 76307
Tel: 940-766-8113
Fax: 940-766-8177

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been forwarded to all other counsel of record in accordance with the Federal Rules of Civil Procedure on this __11__ day of December 2003.

*[signature]*
THOMAS D. BOYLE

s:\5675\2\pleading\answer